UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CONSOLIDATED METCO, INC. AND SHANDONG CONMET MECHANICAL CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 25-00209 |

## COMPLAINT

Plaintiffs Consolidated Metco, Inc. ("ConMet") and Shandong ConMet Mechanical Co., Ltd. ("Shandong ConMet"), by and through their attorneys, allege and state as follows:

### DETERMINATIONS CONTESTED

1. Plaintiffs seek judicial review of the final affirmative material injury determinations issued by the United States International Trade Commission ("Commission") in the antidumping and countervailing duty investigations of certain brake drums from the People's Republic of China. *See Brake Drums From China and Turkey; Determinations*, 90 Fed. Reg. 38,179 (Aug. 7, 2025) ("Final Determinations"). The determinations, findings, and conclusions are set out primarily in the Commission's accompanying publication. *See Brake Drums from China and Turkey*, Inv. Nos. 701-TA-729–730 and 731-TA-1698–1699 (Final), USITC Pub. 5651 (Aug. 2025).

2. Following the Commission's final affirmative injury determinations, the U.S. Department of Commerce ("Commerce") published antidumping and countervailing orders in the Federal Register on August 12, 2025. *See Certain Brake Drums From the People's Republic of China and the Republic of Türkiye: Antidumping Duty Orders*, 90 Fed. Reg. 38,730 (Aug. 12, 2025);

1

*Certain Brake Drums From the People's Republic of China and the Republic of Türkiye: Countervailing Duty Orders*, 90 Fed. Reg. 38,753 (Aug. 12, 2025).

3. Plaintiffs bring this action to contest the Commission's Final Determinations, key aspects of which are not supported by substantial evidence and are otherwise not in accordance with law, thus justifying remand and ultimately a reversal of the affirmative injury finding and revocation of the antidumping and countervailing duty orders.

## JURISDICTION

4. Plaintiffs bring this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i) to review the Commission's final affirmative determinations under 19 U.S.C. §§ 1673d(b) and 1671d(b). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

5. ConMet is a U.S. importer of subject merchandise and is therefore an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1). Shandong ConMet is a foreign producer and exporter of subject merchandise and is therefore an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1).

6. ConMet participated, through the submission of factual information and legal argumentation, in the investigations that gave rise to the contested Final Determinations. Shandong ConMet participated through submission of factual information. Therefore, ConMet and Shandong ConMet were "part{ies} to the proceeding" and are entitled to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS OF THIS ACTION**

7. Commerce published the antidumping and countervailing duty orders in the Federal Register on August 12, 2025. *See Certain Brake Drums From the People's Republic of China and the Republic of Türkiye: Antidumping Duty Orders*, 90 Fed. Reg. at 38,730; *Certain Brake Drums From the People's Republic of China and the Republic of Türkiye: Countervailing Duty Orders*, 90 Fed. Reg. at 38,753.

8. This action was commenced with the filing of the Summons on September 11, 2025, within 30 days of publication of the antidumping and countervailing duty orders. Accordingly, this action was commenced within the period specified in 19 U.S.C. §1516a(a)(2)(A)(i)(II).

9. This Complaint is filed within 30 days of the filing of the Summons in this action and is therefore timely under the statutorily prescribed time limits set forth in 19 U.S.C. § 1516(a)(2)(A).

**PROCEDURAL HISTORY**

10. On June 20, 2024, Webb Wheel Products, Inc. ("Webb Wheel") filed a petition with the Commission and Commerce alleging that countervailable subsidies were being provided to foreign producers and exporters of certain brake drums ("brake drums") from the People's Republic of China ("China") and the Republic of Türkiye ("Turkey"); imports of brake drums from China and Turkey were sold in the United States at less than fair value; and those imports materially injure or threaten material injury to a domestic industry. *See Petition for the Imposition of Antidumping and Countervailing Duties on Imports of Certain Brake Drums from the People's Republic of China and Türkiye* (June 20, 2024).

3

11. On June 20, 2024, the Commission instituted antidumping and countervailing duty investigations to determine whether there was a reasonable indication that an industry in the United States was materially injured or threatened with material injury, or the establishment of an industry in the United States was materially retarded, by reason of imports of brake drums from China and Turkey that were alleged to be sold in the United States at less than fair value and alleged to be subsidized by the Governments of China and Turkey. *See Brake Drums From China and Turkey; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations*, 89 Fed. Reg. 53,441 (June 26, 2024).

12. On August 5, 2024, the Commission preliminarily determined that there was a reasonable indication that an industry in the United States was materially injured by reason of imports of brake drums from China and Turkey. *See Brake Drums from China and Turkey*, 89 Fed. Reg. 65,397 (Aug. 9, 2024).

13. On February 7, 2025, the Commission published a notice in the Federal Register, scheduling the final phase of its antidumping and countervailing duty investigations. *See Brake Drums From China and Turkey; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations*, 90 Fed. Reg. 9162 (Feb. 7, 2025). Along with other interested parties, Plaintiffs responded to the Commission's questionnaires on March 31, 2025. ConMet submitted a prehearing brief on June 10, 2025, gave testimony at the Commission's June 17, 2025 hearing, and filed a posthearing brief on June 25, 2024.

14. On July 16, 2025, the Commission voted affirmatively, finding that that an industry in the United States was materially injured by reason of imports of brake drums from China and Turkey, and it published notice of its determinations on August 7, 2025. *See Brake Drums From China and Turkey; Determinations*, 90 Fed. Reg. 38,179 (Aug. 7, 2024).

15.  On August 12, 2025, Commerce published the antidumping and countervailing duty orders.

## **STATEMENT OF CLAIMS**

16.  In the following respects, and for other reasons apparent from the administrative record of the Commission's investigations of brake drums from China and Turkey, the Final Determinations are unsupported by substantial evidence and otherwise not in accordance with law.

### **COUNT ONE**

17.  Paragraphs 1 through 16 are hereby incorporated by reference.

18.  The Commission improperly determined that the volume of subject imports was significant in absolute terms and relative to apparent U.S. consumption and production. *Brake Drums from China and Turkey*, USITC Pub. 5651 at 27. Pursuant to 19 U.S.C. § 1677(7)(C)(i), "{i}n evaluating the volume of imports of merchandise, the Commission shall consider whether the volume of imports of the subject merchandise, or any increase in that volume, either in absolute terms or relative to production or consumption in the United States, is significant." (Emphasis added.) Here, the record evidence shows that subject import volume declined over the period of investigation ("POI") by 28.1 percent from 2022 to 2024. *Brake Drums from China and Turkey*, USITC Pub. 5651 at 27. The increase in subject import market share over the full POI was small and the ratio of subject imports to U.S. production declined from 2022 to 2024. *Id.*

19.  While the statute may not define a numerical threshold for when import volumes are "significant," the term must be given meaning. The U.S. Supreme Court has cautioned to "construe statutes, where possible, so as to avoid rendering superfluous any parts thereof." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 112 (1991). Based on the record as a whole, the

5

Commission's finding that declining subject import volumes and a small shift in market share were "significant" runs afoul of the plain language of the statute.

20. Therefore, the Commission's volume analysis was unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT TWO

21. Paragraphs 1 through 20 are hereby incorporated by reference.

22. The Commission improperly determined that subject imports had significant price effects in the U.S. brake drums market. *Brake Drums from China and Turkey*, USITC Pub. 5651 at 33. The Commission concluded that subject import underselling was significant in part because pervasive underselling supposedly led to a shift in market share towards subject imports from 2022 to 2023. *Id.* at 30. However, the Commission found that underselling was also pervasive in 2024, when the domestic industry gained back market share. *Id.* at 30, C.3 (Table C.1). The Commission failed to provide a compelling explanation for why underselling by imports caused the domestic industry to lose market share in 2023 even though the industry nevertheless gained back market share when subject import underselling was even more pervasive in 2024.

23. The Commission's findings are inconsistent with the record as a whole and are therefore not supported by substantial evidence. 19 U.S.C. § 1516a(b)(1)(B)(i); *CS Wind Vietnam Co. v. United States*, 832 F.3d 1367, 1373 (Fed. Cir. 2016) (Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). The Commission's findings are also arbitrary and not in accordance with law because the agency failed to articulate a reasoned basis for its determinations. 19 U.S.C. § 1516a(b)(1)(B)(i); *Timken U.S. Corp. v. United States*, 421 F.3d 1350, 1355 (Fed. Cir. 2005) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)) (The agency must engage in reasoned

decision-making, by "examin{ing} the relevant data and articulat{ing} a satisfactory explanation for its action including a rational connection between the facts found and the choice made.").

### COUNT THREE

24. Paragraphs 1 through 23 are hereby incorporated by reference.

25. The Commission failed to take account of important context in finding significant price effects by subject imports. In finding that subject import underselling was significant because the domestic industry lost market share to subject imports from 2022 to 2023, the Commission did not consider the unusual market conditions in 2022 when demand spiked and the domestic industry experienced supply constraints during the COVID-19 pandemic. *Brake Drums from China and Turkey*, USITC Pub. 5651 at 30 & n.198. Supply and demand anomalies early in the POI were important conditions of competition in the U.S. market during the POI.

26. By failing to follow the statute's mandate to consider economic factors in the context of conditions of competition, the Commission's decision is not in accordance with law. 19 U.S.C. § 1677(7)(C) (The Commission must "evaluate all relevant economic factors . . . in the context of . . . conditions of competition that are distinctive to the affected industry."); *United States Steel Group - a Unit of USX Corp. v. United States*, 96 F.3d 1352, 1362 (Fed. Cir. 1996) (holding that the court's role is to "direct the Commission to follow the dictates of its statutory mandate"). To the extent that the Commission did not take into account demand and domestic supply imbalances in its price effects analysis, the determinations are not supported by substantial evidence.

### COUNT FOUR

27. Paragraphs 1 through 26 are hereby incorporated by reference.

28. The Commission improperly failed to exclude or otherwise take into account the volume of subject imports from a certain U.S. importer that skewed the data underlying the

Commission's underselling and market share analyses. *See Brake Drums from China and Turkey*, USITC Pub. 5651 at 27 n.180. The Commission merely referenced its decision to not exclude a certain U.S. producer from the domestic industry. *Id.* If this U.S. importer's data are excluded, the record shows subject import overselling in 2022 and Q1 2023 – the only time during the POI when the domestic industry lost market share.

29. By failing to adequately explain why a certain U.S. importer's data was not excluded from the Commission's analysis, its determinations are not supported by substantial evidence and not in accordance with law. *See NMB Singapore Ltd. v. United States*, 557 F.3d 1316, 1319-20 (Fed. Cir. 2009) ("While {an agency's} explanations do not have to be perfect, the path of {the agency's} decision must be reasonably discernable."); *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962) (holding that there must be a "'rational connection between the facts found and the choice made.'")).

## COUNT FOUR

30. Paragraphs 1 through 29 are hereby incorporated by reference.

31. The Commission unlawfully attributed changes in the domestic industry's financial performance to subject imports. The record shows that the U.S. brake drum market has been in long-term decline due to the adoption of air disc brakes as a substitute for brake drums. *See Brake Drums from China and Turkey*, USITC Pub. 5651 at 20. The record confirms that disc brake adoption rapidly expanded in recent years for heavy trucks, which in turn reduced the need for brake drums in the aftermarket. The record also demonstrates that there was a trucking freight recession during the period of investigation, which similarly led to reduced demand for brake drums. *Id.* at 19.

Consequently, apparent U.S. consumption and U.S. producers' U.S. shipments and financial performance declined over the POI. *Id.* at C.3-C.4 (Table C.1).

32. The statute requires the Commission to determine whether the domestic industry is "materially injured or threatened with material injury by reason of" subject imports. The Commission "must ensure that subject imports are more than a minimal or tangential cause of injury and that there is a sufficient causal, not merely a temporal, nexus between subject imports and material injury." *Mittal Steel Point Lisas Ltd. v. United States*, 542 F.3d 867, 873 (Fed. Cir. 2008) (quoting explanation from *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 722 (Fed. Cir. 1997), that "this court requires evidence in the record 'to show that the harm occurred 'by reason of' the {less than fair value} imports, not by reason of a minimal or tangential contribution to material harm caused by {less than fair value} goods")). The Commission's attribution of the impact on the domestic industry of the decline in demand for brake drums, caused by the adoption of air disc brakes, to subject imports was not supported by substantial evidence or in accordance with law.

## **DEMAND FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Hold that the portions of the Commission's Final Determinations described herein are not supported by substantial evidence on the record and are otherwise not in accordance with law;

2. Remand this matter for the Commission to issue determinations consistent with the final opinion and order of this Court; and

3. Provide such further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted,<br>/s/ Matthew R. Nicely<br>Matthew R. Nicely<br>Daniel M. Witkowski<br>Julia K. Eppard<br>Paul S. Bettencourt<br>Sung Un K. Kim<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>2001 K St NW<br>Washington, D.C. 20006<br>Tel: (202) 887-4046<br>*Counsel for Plaintiffs* |
| Dated: October 10, 2025 |  |

10